NOT FOR PUBLICATION                                                    [4, 8]

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| HALL WHITE, | : | |
| | : | Civil Action No. 06-05177 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| CITY OF TRENTON, TRENTON POLICE | : | |
| DEPARTMENT, CHIEF OF POLICE, | : | |
| P.O. JOHN DOE I, P.O. JOHN DOE II, | : | |
| P.O. TIM MILLER, P.O. JOHN S. | : | |
| ROSSETTI, AND P.O. R. FENNIMORE, | : | |
| P.O. JOHN DOES III - V, | : | |
| | : | |
| Defendants. | : | |

_____:

**WOLFSON, District Judge**

Presently before the Court are Defendants' Motion to Dismiss Plaintiff's Complaint against Defendant Chief of Police pursuant to Fed. R.Civ.P. 12(b)(6), and Plaintiff's Motion to Amend the Complaint to name Police Director Joseph Santiago as an additional defendant pursuant to Fed. R.Civ.P. 15(a). The Court has jurisdiction pursuant to 28 U.S.C. § 1343. The Court has considered the respective moving papers and that there is no substantive opposition to either motion; for the reasons that follow, the Court finds that Plaintiff's Complaint against Defendant Chief of Police is dismissed with prejudice, and Plaintiff shall be afforded a ten (10) period within which to amend the Complaint to name Police Director Joseph Santiago as an additional defendant.

## I.  Background

In this civil rights action filed on October 27, 2006, Plaintiff alleges that Defendants, City

of Trenton, Trenton Police Department, Chief of Police, P.O. John Doe I, P.O. John Doe II, P.O. Tim

Miller, P.O. John S. Rossetti, P.O. R. Fennimore, and P.O. John Does III - V, violated Plaintiff's

civil rights, under the United States Constitution and 42 U.S.C. § 1983, when they allegedly

"assaulted and battered Plaintiff using excessive force" and "in an attempt to cover up said wrongful

acts, conspired amongst themselves to file false charges against Plaintiff . . . ." Plaintiff's Complaint

at 1-10.

On January 11, 2007, Defendants, City of Trenton and Trenton Police Department, filed a

motion seeking to dismiss Defendant Chief of Police from this matter because "Defendant City of

Trenton has no employee within the Trenton Police Department with the title Chief of Police."

Certification of Kimberly M. Wilson, dated January 11, 2007, ("Wilson Cert."), at ¶ 4-5.

Instead of opposing Defendant's motion, Plaintiff filed a Motion to Amend the Complaint

"to specify the name and correct the title of the defendant Chief of Police to read 'Police Director

Joseph Santiago' in the caption and body of the Complaint." Plaintiff's Letter Brief, dated January

24, 2007, ("Pl.'s Br."), at 1.  Defendants did not oppose Plaintiff's motion as "there are no

substantive or procedural grounds by which Defendant could oppose Plaintiff's motion. Therefore,

Defendant leaves the disposition of Plaintiff's motion to file an amended complaint to the Court's

discretion." Letter from Kimberley M. Wilson, dated February 16, 2007, ("Wilson Letter").

## II.  Discussion

### A.    Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim under Rule

12(b)(6), a court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them.  Dismissal under Rule 12(b)(6). . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir.1988)); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). A court will dismiss a complaint only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  H.J. Inc., 492 U.S. at 249-50.

Here, Defendants have moved to dismiss Plaintiff's Complaint against the Chief of Police because "Trenton has no employee within the Trenton Police Department with the title Chief of Police."  Wilson Cert at ¶ 4-5.  Plaintiff has not opposed this motion nor has argued that there is a Chief of Police employed within the Trenton Police Department.  Rather, approximately 2 weeks after Defendants filed their motion, Plaintiff filed a motion to amend his Complaint to "substitute defendant Chief of Police with defendant Police Director Joseph Santiago."  Pl.'s Br. at 2.

The Court finds that it is clear that no relief can be granted here against Defendant Chief of Police under any set of facts because there is no employee within the Trenton Police Department employed as Chief of Police.  Therefore,  the Plaintiff's Complaint as to Defendant Chief of Police is dismissed with prejudice.

### B.      Motion to Amend

Pursuant to Fed. R.Civ.P. 15(a), leave to amend the pleadings is generally given freely. Foman v. Davis, 371 U.S. 178, 182 (1962).  Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000);  Hill v. City of Scranton, 411 F.3d 118, 134 (3d

Cir. 2005).  If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave

to amend a pleading should be liberally granted.  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

In reviewing a motion to amend, the court looks only at the pleadings.  Pharm. Sales & Consulting

Corp. v. J.W.S. Delavau, Co., Inc., 106 F. Supp.2d 761, 765 (D.N.J. 2000).

Here, Defendants have not opposed Plaintiff's Motion to Amend the Complaint to name

Defendant Police Director Joseph Santiago as an additional defendant.  Rather, Defendants conclude

that "there are no substantive or procedural grounds by which Defendant could oppose Plaintiff's

motion."  Wilson Letter.  The Court agrees and finds that pursuant to the liberal pleading standard

of Fed. R.Civ.P. 15(a) and the absence of undue delay, bad faith, prejudice, or futility, Plaintiff's

Motion to Amend the Complaint is granted.

**III.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint as to

Defendant Chief of Police is granted, and Plaintiff's Motion to Amend the Complaint to name Police

Director Joseph Santiago as an additional defendant is granted.  An appropriate order will follow.


Dated: March 29, 2007                                        /s/ Freda L. Wolfson
                                                             Honorable Freda L. Wolfson
                                                             United States District Judge


_____